1
2
3
4
5          UNITED STATES DISTRICT COURT
6              DISTRICT OF NEVADA

7  UNITED STATES OF AMERICA,          2:05-CR-209 JCM (PAL)
                                       Related Case 2:09-CV-2027 JCM (RJJ)
8              Plaintiff,

9  v.

10 ALLEN D NYE,

11             Defendant.

12

13                                    **ORDER**

14     Presently before the court is defendant Allen D. Nye's *pro se* motion to vacate pursuant to

15 28 U.S.C. § 2255. (Doc. #109). The government filed an opposition. (Doc. #125). Defendant then

16 filed a reply. (Doc. #126).

17     On September 17, 2007, defendant was sentenced to 180 months in custody for being a felon

18 in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). (Docs. #85 and #92). Defendant filed

19 a notice of appeal on September 18, 2007. (Doc. #86). The Ninth Circuit affirmed this court's

20 ruling on December 17, 2008. (Doc. #108). Defendant subsequently filed this motion to vacate

21 sentence pursuant to § 2255. (Doc. #109).

22     Defendant asserts four grounds to vacate his sentence: (1) defendant was denied effective

23 assistance of counsel when appellate counsel failed to notify defendant of the Ninth Circuit's ruling

24 in a timely manner and failed to file a timely petition for writ of certiorari to the United States

25 Supreme Court; (2) defendant was denied effective assistance of counsel when trial counsel failed

26 to file motions to suppress evidence; (3) defendant's sentence is invalid because the court was not

27 permitted to apply the armed career criminal enhancement; and (4) defendant was denied effective

28

**James C. Mahan**
**U.S. District Judge**

assistance of counsel when appellate counsel failed to challenge the validity of the sentence on appeal. (Doc. #125).

## Motion To Vacate

Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may file a motion under this section if he seeks a determination that (1) the judgment violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3) the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise subject to collateral review.

To establish ineffective assistance of counsel, a defendant must demonstrate that the counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases," and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984).

### I.   Count one: ineffective assistance of counsel for failure to file writ of certiorari

In the first count, defendant asserts that he was denied ineffective assistance of counsel when his appellate counsel: (1) failed to inform him of the Ninth Circuit's decision within the 90-day window to file a writ of certiorari and (2) failed to file a writ of certiorari to the United States Supreme Court. (Doc. #109).

In *Ross v. Moffitt*, 417 U.S. 600, 617-18, (1974), the United States Supreme Court held that the right to counsel does not extend to the filing of a petition for a writ of certiorari. The Ninth Circuit has held that there is no requirement that a state "provide *any* counsel to a defendant seeking to file a certiorari petition in the United States Supreme Court." *Miller v. Keeney*, 882 F.2d 1428, 1431 (9th Cir. 1989) (italics in original). The *Miller* court further held that the due process clause does "not includ[e] a right to the effective assistance of counsel[] for the filing of certiorari petitions." *Id.* at 1433.

Defendant did not have a right to counsel or the effective assistance of counsel to file a writ of certiorari to the United States Supreme Court. Accordingly, defendant's first ground to vacate

1  his sentence must fail.

2  **II.     Count two: ineffective assistance of counsel for failure to move to suppress evidence**

3       Defendant next argues that he was denied effective assistance of counsel when his trial
4  counsel failed to file motions to suppress evidence.  Specifically, defendant argues that the police
5  lacked probable cause to conduct a *Terry* stop and the police did not have a warrant to search the
6  curtilage of his acquaintance's property.  (Doc. #109).  Thus, his trial counsel was ineffective when
7  he failed to move to suppress the evidence obtained as a result of these alleged violations.

8       At the time of his interaction with the police, defendant was sitting on the porch of a house
9  that had been raided earlier that same day by the police.  (Doc. #125).  The owner of the property had
10  asked the police to return to the house and ensure that the door was locked.  (Doc. #125).  Defendant
11  responded with vague answers to police questions, which caused the police to question him further.
12  (Doc. #125).  Finally, police found a gun in a canvas bag near defendant.  (Doc. #125).

13       Neither of defendant's arguments have merit.  Based on these facts, defendant cannot
14  credibly argue that the *Terry* stop violated defendant's rights.  *See Terry v. Ohio*, 392 U.S. 1, 30
15  (1968); *United States v. Sokolow*, 490 U.S. 1 (1989).  Similarly, defendant did not have any
16  expectation of privacy in the area surrounding his "acquaintance's" property.  *See Minnesota v.*
17  *Carter*, 525 U.S. 83, 88-90 (1998).  Thus, defendant cannot demonstrate either deficient performance
18  or prejudice from his trial counsel's actions.  *Strickland*, 466 U.S. at 694.  Accordingly, defendant's
19  second claim also fails.

20  **III.    Counts three and four: career armed criminal enhancement is invalid**

21       In count three, defendant argues that his conviction and sentence are invalid and in violation
22  of the laws of the United States.  Defendant asserts that the court impermissibly applied a career
23  criminal enhancement when it relied on two prior state burglary convictions dating from 1982.
24  Instead, defendant argues that the State of Nevada had previously restored defendant's civil rights.
25  Thus, the court could not use these two convictions as predicate offenses pursuant to 18 U.S.C. §
26  921(a)(20).  (Doc. #109).  Similarly, in count four, defendant asserts that he was denied effective
27  assistance of counsel when his appellate counsel failed to raise this issue on appeal.  (Doc. #109).

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

In response, the government argues that defendant "has provided the [c]ourt with no evidence that he actually had his civil rights restored." (Doc. #125). Thus, the government asserts that this court did not err at sentencing and appellate counsel's assistance was not ineffective. (Doc. #125).

To counter the government's assertions, defendant attached several documents to his reply brief purporting to show that the State of Nevada restored defendant's civil rights. (Doc. #126, Ex. A-1, A-2, B-1, and B-2). The name on these documents is Charles Raymond Wyland. This is one of defendant's aliases.

Defendant did not attach these documents to his moving papers and did not submit them until after the government filed its opposition. Thus, the government has not had an opportunity to respond to these documents. The court is not inclined to either grant or deny the third and fourth grounds of defendant's § 2255 motion until the parties have an adequate opportunity to address these recently filed documents.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Allen D. Nye's *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 (doc. #109) be, and the same hereby is, DENIED in part. The first two grounds in defendant's § 2255 motion are denied.

IT IS FURTHER ORDERED that, on or before January 3, 2012, the government file a supplemental brief addressing the documents attached to defendant's reply brief and the impact these documents have on defendant's third and fourth grounds for relief. Defendant may file a reply brief to the government's supplemental briefing within fourteen (14) days after the government files its supplemental briefing.

DATED this 14th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE