UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:05-CR-209 JCM (PAL) |
|---|---|
| Plaintiff, | Related Case 2:09-CV-2027 JCM (RJJ) |
| v. | |
| ALLEN D NYE, | |
| Defendant. | |

### ORDER

Presently before the court is defendant Allen D. Nye's *pro se* motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. #109). The court previously denied two of the four grounds asserted in defendant's § 2255 motion. (Doc. #127). The court ordered the government to file supplemental briefing on the remaining two grounds. (Doc. #127). On December 15, 2011, the government filed a supplemental brief. (Doc. #128). Defendant filed a reply to the government's supplemental brief. (Doc. #129).

In the first of the remaining counts, defendant argues that his conviction and sentence are invalid and in violation of the laws of the United States because the court inappropriately applied an armed career criminal enhancement. Defendant asserts that the court impermissibly applied the enhancement when it relied on two prior state burglary convictions dating from 1982. Instead, defendant argues that the State of Nevada had previously restored defendant's civil rights. Thus, the court could not use these two convictions as predicate offenses pursuant to 18 U.S.C. § 921(a)(20). (Doc. #109). Similarly, in the last remaining count, defendant asserts that he was denied effective assistance of counsel when his appellate counsel failed to raise the armed career criminal

**James C. Mahan**
**U.S. District Judge**

1  enhancement issue on appeal. (Doc. #109).

2  Defendant's statement of the relevant law is incomplete. Defendant cites 18 U.S.C. §
3  921(a)(20) for the proposition that "[a]ny conviction which has been expunged, or set aside or for
4  which a person has been pardoned or has had civil rights restored shall not be considered a
5  conviction for purposes of this chapter." (*See* Doc. #109). However, defendant does not reproduce
6  the remainder of the statute, which continues as follows: "unless such pardon, expungement, or
7  restoration of civil rights expressly provides that the person may not ship, transport, possess, or
8  receive firearms." 18 U.S.C. § 921(a)(20).

9  In a clear interpretation of this statute, the Ninth Circuit has held:

10  [a]pplication of § 921(a)(20), then, is relatively straightforward. If, after completing
    a criminal sentence, an individual's civil rights have been restored, this court must
11  look to the restoration certificate (or other mode of civil rights restoration) to see if
    it contains an express firearm prohibition. If no such express prohibition exists, §
12  921(a)(20) bars consideration of that conviction under the ACCA's sentencing
    enhancement provisions.
13

14  *United States v. Gallaher*, 275 F.3d 784, 791 (9th Cir. 2001).

15  Defendant attached a copy of his restoration of civil rights certificate to his September 15,
16  2011, reply brief. (Doc. #126). This document includes an express firearms prohibition. In
17  pertinent part, the document states that the "restoration does not allow a convicted person to carry
18  a [text blacked out] firearm . . . or relieve the individual of statutory enhancements based upon the
19  underlying conviction." (*See* Doc. #126).

20  Defendant attached an affidavit to his January 6, 2012, reply to the government's
21  supplemental brief. (Doc. #129). In the affidavit, the defendant asserts that at the time the State of
22  Nevada restored his civil rights, state law only prohibited convicted felons from carrying "concealed"
23  firearms. (Doc. #129). Thus, defendant argues that he is not subject to the armed career criminal
24  enhancement because the State of Nevada permitted him to carry firearms, so long as they were not
25  concealed. (Doc. #129).

26  In *Caron v. United States*, 524 U.S. 308, 315 (1998), the United States Supreme Court held
27  that "a state weapons limitation ban on an offender activates the uniform federal ban on possessing

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

any firearms at all.  This is so even if the guns the offender possessed were ones the State permitted him to have." *See also United States v. Qualls*, 172 F.3d 1136, 1138 (9th Cir. 1999) (recognizing the Supreme Court's "all-or-nothing rule" for the federal felon-in-possession statute). Accordingly, defendant's assertion that he was only prohibited from possessing "concealed" firearms and, thus, not subject to the armed career criminal enhancement is unconvincing.  The State of Nevada limited defendant's ability to possess firearms, and "federal law uses this determination to impose its own broader stricture." *Caron*, 524 U.S. at 315.

Therefore, a complete reading of 18 U.S.C. § 921(a)(20) demonstrates that the court's armed career criminal enhancement was appropriate under the facts of this case. 18 U.S.C. § 921(a)(20). Similarly, defendant's appellate counsel did not provide ineffective assistance of counsel by failing to raise a frivolous argument. *See Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) (holding that "[f]ailure to raise a meritless argument does not constitute ineffective assistance").

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Allen D. Nye's *pro se* motion to vacate sentence pursuant to 28 U.S.C. § 2255 (doc. #109) be, and the same hereby is, DENIED in its entirety.

DATED this 13th day of January, 2012.

/s/ James C. Mahan
_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**