# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN D NYE,<br><br>Defendant. | 2:05-CR-209 JCM (PAL)<br>Related Case 2:09-CV-2027 JCM (RJJ) |
|---|---|

## ORDER

Presently before the court is defendant Allen D. Nye's motion for certificate of appealability. (Doc. #133). The court denied defendant's 28 U.S.C. § 2255 motion in two separate orders. (Docs. #127 and #130).

In his 28 U.S.C. § 2255 motion, defendant asserted four grounds to vacate sentence: (1) defendant was denied effective assistance of counsel when appellate counsel failed to notify defendant of the Ninth Circuit's ruling in a timely manner and failed to file a timely petition for writ of certiorari to the United States Supreme Court; (2) defendant was denied effective assistance of counsel when trial counsel failed to file motions to suppress evidence; (3) defendant's sentence is invalid because the court was not permitted to apply the career armed criminal enhancement; and (4) defendant was denied effective assistance of counsel when appellate counsel failed to challenge the validity of the sentence on appeal. (Doc. #109).

The notice of appeal in this case states that defendant requests the court to grant him a certificate of appealability "on his claim of ineffective assistance of counsel[]." (Doc. #131). Only three of the four grounds asserted in defendant's motion to vacate sentence involve ineffective

**James C. Mahan**
**U.S. District Judge**

assistance of counsel. (*See* Doc. #109). Accordingly, the court does not issue a certificate of appealability on defendant's third ground, which argues that the court was not permitted to apply the career armed criminal enhancement. (*See* Doc. #109).

Pursuant to 28 U.S.C. § 2253(c)(1)(B) and (c)(2), an appeal of a final order in a proceeding under § 2255 may not proceed unless the court issues a certificate of appealability. A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

To meet this burden, the petitioner is not required to show that "he should prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart,* 220 F.3d 1022, 1025 (9th Cir. 2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Finally, the certificate of appealability must indicate which specific issue or issues satisfy the showing required by § 2253(c)(2). *See* 28 U.S.C. § 2253(c)(3).

**Ground one: defendant was denied effective assistance of counsel when appellate counsel failed to notify defendant of the Ninth Circuit's ruling in a timely manner and failed to file a timely petition for writ of certiorari to the United States Supreme Court**

In *Ross v. Moffitt*, 417 U.S. 600, 617-18, (1974), the United States Supreme Court held that the right to counsel does not extend to the filing of a petition for a writ of certiorari. The Ninth Circuit has held that there is no requirement that a state "provide *any* counsel to a defendant seeking to file a certiorari petition in the United States Supreme Court." *Miller v. Keeney*, 882 F.2d 1428, 1431 (9th Cir. 1989) (italics in original). The *Miller* court further held that the due process clause does "not includ[e] a right to the effective assistance of counsel[] for the filing of certiorari petitions." *Id.* at 1433. Accordingly, defendant has not demonstrated that he has been denied a

1  constitutional right under this claim.  28 U.S.C. § 2253(c)(2).

**Ground two: defendant was denied effective assistance of counsel when trial counsel failed to file motions to suppress evidence**

Defendant also has not demonstrated a violation of his right to effective assistance of counsel due to counsel's failure to file motions to suppress evidence.  In the December 14, 2011, order, the court held that defendant "cannot credibly argue that the *Terry* stop violated defendant's rights [and] defendant did not have any expectation of privacy in the area surrounding his "acquaintance's" property."  (Doc. #127).  Defendant has not shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327.  Thus, the court declines to issue a certificate of appealability on this claim.

**Ground four: defendant was denied effective assistance of counsel when appellate counsel failed to challenge the validity of the sentence on appeal**

Finally, defendant argues that he was denied effective assistance of counsel when his appellate counsel failed to challenge this court's application of the career armed criminal enhancement.  In the January 13, 2012, order, this court found that any argument appellate counsel could have made on this issue would have been frivolous because "a complete reading of 18 U.S.C. § 921(a)(20) demonstrates that the court's armed career criminal enhancement was appropriate under the facts of this case."  (Doc. #130).  In *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985), the Ninth Circuit held that "[f]ailure to raise a meritless argument does not constitute ineffective assistance."  Defendant has not satisfied the standard for issuing a certificate of appealability on this claim.

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Allen D. Nye's motion for certificate of appealability (doc. #133) be, and the same hereby is, DENIED.

DATED this 9th day of February, 2012.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -