UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>ALLEN D. NYE,<br><br>Defendant(s). | Case No. 2:05-CR-209 JCM (GWF)<br><br>ORDER |

Presently before the court is petitioner Allen D. Nye's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 160, 161). The government filed a response (ECF Nos. 163, 164),[1] to which petitioner replied (ECF No.165).

**I.  Facts**

On November 15, 2006, petitioner pleaded guilty to count three of the superseding indictment, charging petitioner with felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (ECF No. 43). On September 17, 2007, the court sentenced petitioner to 180 months, followed by 60 months supervised release. (ECF No. 85). Petitioner was advised of his rights to file an appeal. (ECF No. 85). Judgment was entered on October 12, 2007. (ECF No. 92).

On September 18, 2007, petitioner filed a notice of appeal. (ECF No. 86). On December 11, 2008, the Ninth Circuit entered a memorandum affirming the court's decision. (ECF No. 105). The order on mandate was entered on December 17, 2008. (ECF No. 108).

---

[1] The court construes the government's motion to dismiss (ECF No. 166) and supplement (ECF No. 164) as a response to petitioner's 2255 motion (ECF No. 160) and supplement (ECF No. 161). To the extent that the government's response seeks to dismiss petitioner's 2255 motion for lack of jurisdiction the court denies the government's motion as moot because the Ninth Circuit has authorized the court to proceed with the instant 2255 motion. (ECF No. 167).

In the instant motion, petitioner moves to vacate pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"). (ECF Nos. 160, 161).

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III. Discussion

As an initial matter, petitioner's motion to expedite a scheduling order (ECF No. 168) will be denied as moot. The court has already issued a scheduling order (*see* ECF No. 162) as to the underlying motions (ECF Nos. 160, 161). Further, the court will deny petitioner's motion for leave to file supplemental authority (ECF No. 169) as petitioner seeks to brief a non-binding decision. Furthermore, the court construes petitioner's notice (ECF No. 166) as a notice and not a motion.

In the instant motion, petitioner argues that under *Johnson*, he does not qualify as an armed career criminal and that his current sentence violates due process of law. (ECF No. 160). Petitioner asserts that the following convictions were used to categorize him as an armed career criminal under the Armed Career Criminal Act of 1984 ("ACCA"): his underlying offense of felon in possession pursuant to 18 U.S.C. § 922(g)(1); his three prior Nevada burglary convictions pursuant to NRS 205.060; and his prior Nevada robbery with use of a deadly weapon conviction pursuant to NRS 200.380 and NRS 193.165. (ECF No. 160 at 3). Petitioner maintains that the court should grant the instant motion and immediately order his release from prison. (ECF No. 160).

James C. Mahan
U.S. District Judge

- 2 -

In response, the government contends that *Johnson* is inapplicable here. Specifically, the government contends that *Johnson* invalidated the language of the ACCA apply its enhanced penalty to conduct "otherwise involves conduct that presents a serious potential risk of physical injury to another." (ECF No. 163 at 7). The government asserts that *Johnson* did not invalidate the application to "burglary." (ECF No. 163 at 7). The government further asserts that the Ninth Circuit, in its memorandum affirming the court's decision (ECF No. 105), found that petitioner's prior burglary convictions fell within the ACCA's definition of burglary. (ECF No. 163 at 7). The court agrees.

In *Johnson*, the United States Supreme Court held the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), to be unconstitutionally vague. 135 S. Ct. at 2557. In particular, the Supreme Court held that "increasing a defendant's sentence under the clause denies due process of law." *Id*. The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The closing words emphasized above have come to be known as the ACCA's "residual clause." *Johnson*, 135 S. Ct. at 2555–56.

*Johnson* is inapplicable here because petitioner was not sentenced under the ACCA's residual clause. Rather, petitioner's prior robbery conviction constituted a violent felony under § 924(e)(2)(B)(i),[2] and petitioner's prior burglary convictions constituted a violent felony under § 924(e)(2)(B)(ii)—the portion preceding the residual clause that *Johnson* invalidated. In fact, petitioner acknowledges that burglary is an enumerated offense under the ACCA. (ECF No. 160 at 21("The enumerated offenses are only burglary, arson, extortion, or use of explosives.")).

---

[2] Under Nevada law, a "robbery" is "the unlawful taking of personal property from the person of another . . . by means of force or violence . . . ." Nev. Rev. Stat. § 200.380.

James C. Mahan
U.S. District Judge

- 3 -

Further, to the extent that petitioner attempts to argue that the residual clause of the sentencing guidelines are unconstitutionally vague, the United States Supreme Court has rejected such argument. *See Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *9 (U.S. Mar. 6, 2017).

Accordingly, based on the foregoing, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 62).

**IV. Certificate of Appealability**

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>    (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

**V.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Allen D. Nye's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 160, 161) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's third motion to dismiss (ECF No. 163) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that petitioner's motion to expedite scheduling order (ECF No. 168) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that petitioner's motion for leave to file supplemental authority (ECF No. 169) be, and the same hereby is, DENIED.

DATED April 10, 2017.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -